|     |     |
| --- | --- |
| GERALD W., <br><br>                 Plaintiff, <br><br>    v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>                 Defendant. | CASE NO. 3:19-cv-0379-BAT <br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found adjustment disorder with depression and anxiety, personality disorder, generalized anxiety disorder, panic disorder, agoraphobia, major depressive disorder, bipolar disorder, alcohol use disorder and marijuana use disorder are severe impairments; plaintiff has the RFC to perform work at all exertional levels; has the concentration to perform simple routine tasks in 2 hour increments; can work superficially and occasionally with the general public; can interact occasionally with a supervisor; and can be in the same room as co-workers but cannot coordinate work activity with co-workers; and that plaintiff is not disabled because he perform past relevant work and other jobs in the national economy. Tr. 23-30.

Plaintiff contends the ALJ failed to give clear and convincing reasons to reject his testimony his panic attacks are debilitating and that the case should thus be remanded for calculation of an award benefits. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
FOR FURTHER PROCEEDINGS - 1

**DISCUSSION**

The Court will reverse the ALJ's decision if it is not supported by substantial evidence in the record or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court will not reverse the ALJ's decision on account of errors that are harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A. Evaluation of Plaintiff's Testimony**

Plaintiff contends the ALJ should have accepted his testimony his "anxiety prevented him from doing things by himself"; he has severe anxiety being around others; he has trouble thinking straight and his concentration problems prevent him from performing complex tasks; his anxiety is the primary reason he cannot perform work; his medications are not working well; and that he has reached the point where he cannot leave his house to go to work. Tr. 10 at 2-3.

Plaintiff contends the ALJ rejected his testimony without explaining which portions of his testimony was being rejected and without stating with specificity the evidence that contradicted his testimony. *Id.* at 3. Plaintiff argues the ALJ erroneously made general findings that the medical evidence and plaintiff's activities undercut plaintiff's testimony. *Id.* at 4. Plaintiff further argues that some of reasons the ALJ provided do not undercut his testimony and that the ALJ's determination to discount his testimony consequently is not supported by substantial evidence. *Id* at 4-5.

The ALJ is responsible for weighing a claimant's allegations and resolving ambiguities in the evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). When assessing a claimant's allegations, the Commissioner will consider all of the available evidence and will

apply several factors in determining the extent to which a claimant's alleged limitations can reasonably be accepted as consistent with the medical evidence and other evidence. 20 C.F.R. § 404.1529(c). "In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, available at 2017 WL 5180304 (as amended). Clear and convincing reasons are required to reject a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014).

Here, the ALJ noted plaintiff testified he was disabled to due to mental symptoms including depression, anxiety, panic attacks, racing thoughts and agoraphobia. Tr. 26. The ALJ further noted plaintiff reported limitations in concentration and interacting with people, particularly large numbers and strangers, and that plaintiff stated he had limitations in memory, completing tasks, understanding, following instructions, dealing with stress and leaving home. *Id*. at 26-27.

The ALJ rejected plaintiff's testimony about the severity of his symptoms for two reasons. First the ALJ found the medical evidence is "not entirely consistent with the claimant's allegations of debilitating mental symptoms." *Id.* at 27. The ALJ found plaintiff's treatment history indicated plaintiff's memory was abnormal only on an intermittent basis; that his ability to concentrate was generally normal with only occasional abnormal findings; that his insight and judgment were fair to normal with some exceptions; that his thought process and thought content was normal. *Id.* These findings address plaintiff's claims about his memory, insight and judgment and thought process. However, they do not address plaintiff's testimony about the

severity of his depression, anxiety, panic attacks, racing thoughts and agoraphobia. Hence while the RFC determination may account for plaintiff's limits regarding memory, concentration and inability to perform complex based upon the rational the ALJ gave above, the same cannot be said about other work place limitations plaintiff claimed were caused by his mental health problems. Rather all that is before the Court is the ALJ's implicit acknowledgment that plaintiff's anxiety, depression and agoraphobia are limiting in that he can only perform work that involves superficial and occasional contact with the public, occasional contact with supervisors and no coordinated work with co-workers. But the ALJ provided no clear and convincing rationale to reject plaintiff's testimony about these limiting symptoms which according to plaintiff are more severe than the ALJ found and which render him unable to perform the jobs the ALJ found he could perform.

The ALJ also discounted plaintiff's testimony he can only prepare simple meals and cannot handle money. Tr. 27. The ALJ found the testimony was inconsistent with how plaintiff has no problems with tasks of personal care; that he vacuums, helps with laundry and can clean his small apartment; and that he goes to the store one to three times a month with his fiancée. *Id.* Again the ALJ's findings do not address plaintiff's claim that he cannot work because of the severity of his anxiety, depression and agoraphobia; there is nothing inconsistent with plaintiff's ability to clean a small apartment of go shopping with a close accompanying friend and plaintiff's claims his mental health problems prevent him from performing gainful work activity.

In sum, the ALJ failed to provide clear and convincing reasons to discount plaintiff's testimony about the severity of symptoms caused by depression, anxiety and agoraphobia. The ALJ acknowledged these symptoms limit plaintiff's ability to perform work, as set forth in the RFC, but did not provide a basis upon which the Court may review that determination. The Court

accordingly finds the ALJ harmfully erred as the RFC determination does not account for all mental health limitations claimed by plaintiff.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings. Although plaintiff argues for an award of benefits, the Court finds plaintiff's testimony needs to be reassessed which is a task that appropriately lies with the ALJ. Further proceedings are thus needed and appropraite. On remand the ALJ will reevaluate plaintiff's testimony about the severity of symptoms caused by his mental health conditions, expand the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

**DATED** this 8th day of August, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge